### ROTHMAN et v
### METROPOLITAN CASUALTY INS CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2329.  Decided Nov 25, 1936

A. H. Rheuban, Youngstown, and E. L. Williams, Youngstown, for appellees.

Harrington, Huxley & Smith, Youngstown, for appellant.

### OPINION

By CARTER, J.

Esther Rothman instituted her action in the Court of Common Pleas, Mahoning County, against the Malkin Furniture Company, claiming damages for certain personal injuries which she alleged she received when the automobile in which she was riding while being operated by an agent of the defendant company overturned by reason of the claimed reckless, careless, wilful and wanton negligence of said agent.

To this petition an answer was filed by the Malkin Furniture Company admitting certain allegations of the petition and further admitting that the plaintiff sustained some injuries at the time of the overturning of the automobile and then denied each and every allegation of plaintiff's petition except those admitted to be true.

The cause came on for trial to the court and jury, resulting in a verdict for plaintiff for $500.00. Motion for new trial filed, overruled, judgment rendered on the verdict. No appeal was prosecuted from this judgment. Thereupon a supplemental petition was filed in the case as provided by §9510-4 GC bringing into the same case the Metropolitan Casualty Insurance Company for the purpose of collecting this judgment, the Metropolitan Casualty Insurance Company being the insurance company in which the Malkin Furniture Company carried liability insurance upon the car in which the plaintiff was riding at the time of the receiving of her injuries.

To this supplemental petition the Metropolitan Casualty Insurance Company filed

its answer and set up the following defenses: First, it admits that it did issue a policy of insurance upon the automobile in question, in which it agreed, among other things, to indemnify the Malkin Furniture Company from any final judgment recovered against it growing out of automobile accidents, however, subject to certain conditions and limitations: admits that plaintiff recovered a final judgment against the furniture company for the sum of $500.00, and then denies each and every statement, allegations and averment in plaintiff's petition contained not admitted to be true, and further alleges that plaintiff was a passenger in the automobile at the time and that plaintiff's judgment against the Malkin Furniture Company was recovered by reason of the wanton misconduct of said company and that the policy of insurance issued to the Malkin Furniture Company did not cover wanton misconduct upon the part of the Malkin Furniture Company, or its agent, and it is further alleged that the Malkin Furniture Company failed, neglected and refused to cooperate with the insurance company in the defense of the case of Esther Rothman v The Malkin Furniture Company, although requested so to do by the insurance company, which was in violation of one of the conditions in the policy of insurance and it is further claimed that the Malkin Furniture Company was at the time of said accident being operated for a consideration and a profit to the Malkin Furniture Company, and that the insurance policy issued by the insurance company did not cover the automobile owned by the assured when the same was being operated for a consideration or for profit, and further alleges that by reason of the noncoverage provision in the policy and the failure of the assured, the Malkin Furniture Company, to co-operate in defense of the action, that the insurance company is not liable to the Malkin Furniture Company to pay the judgment.

The case came on for trial to a court and jury on the supplemental petition and answer of the insurance company, resulting in a verdict and judgment in favor of the plaintiff against the insurance company for $500.00. Motion for new trial filed, overruled and judgment rendered on the verdict and appeal is prosecuted to this court to reverse this judgment.

At the conclusion of plaintiff's evidence a motion was made by the defendant company for a directed verdict which was overruled and exceptions noted. A like motion was made at the conclusion of all of the evidence, which was likewise overruled and exceptions noted, and also a motion non obstante veredicto, which motion was likewise overruled.

There seems to have been some confusion as to whether the plaintiff at the time she received her injuries was a guest only of a passenger paying * * * (copy blurred). However that may be, we are satisfied that this case was submitted to the jury on the theory that she was at the time of the accident a guest only, and that the verdict returned in favor of the plaintiff against the furniture company was one for wanton misconduct. This is clearly indicated by a reading of the charge of the court on the issues presented to the jury for their determination.

It is one of the claims of the insurance company that the policy issued by it to the furniture company did not cover injuries received through the wanton misconduct of the assured, the furniture company, and if this claim is determined favorably to the insurance company, there would be no necessity to determine any of the other defenses set out in the manner of the insurance company to the supplemental petition.

Does the insurance policy cover injuries received by a guest through the wanton misconduct of the furniture company? The policy provides as follows:

"In consideration of the statement as set forth in the schedule of statements which are made a part hereon and of the premium provided in said schedule of statements and subject to the terms, provisions and conditions of this policy, the Metropolitan Casualty Insurance Company, hereafter called the company, does hereby insure the assured named and described in the schedule of statements against loss and for expenses arising or resulting from claims upon the assured for damages in consequence of an accident occurring during the term of the policy within the limits of the United States and Canada, caused by reason of the ownership, maintenance or use of the automobile described in the schedule of statements, including the loading and unloading when commercially used resulting in bodily injuries or death, accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted, provided that the company's liability therefore is limited to the amount specified in Clause A, Statement 6 of the Schedule of Statements."

4

Are injuries received through wanton misconduct of the assured accidental?

The Court of Appeals of this district, somewhat differently constituted than at present, in the case of **American Casualty Company v Brinsky et, 51 Oh Ap, 298,** decided August 31, 1934, in Lake County, decided that an insurance company which insures the owner of an automobile against loss from liability for damages on account of bodily injuries or death accidentally suffered by reason of the ownership, maintenance or use of such automobile is not liable for the payment of a judgment rendered against the insured for damages for personal injuries suffered as the result of the wilful or wanton misconduct of the insured in the operation of his automobile. However, the opinion was based on wilful misconduct.

In the case of **Universal Concrete Pipe Company v Bassett, 130 Oh St, 567,** the second paragraph of the sylllabus is as follows:

"Wanton misconduct is such conduct as manifests a disposition to perversity and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious from his knowledge of such surrounding circumstances and existing conditions that his conduct will in all probability result in injuries.

The third paragraph of the syllabus is as follows:

"Regardless of the fact that the term 'wanton negligence' is sometimes used both in text and opinion, such use is unwarranted and it is a misnomer pure and simple. Wanton misconduct is positive in nature, while mere negligence is naturally negative."

The court in this case quotes with approval the following:

"Wilful or wantonness imports premeditation or knowledge and consciousness that injuries will result from the act done whereas negligence conveys the idea of inadvertence as distinguished from premeditation or formed intention."

The court further says:

"Although actions for wilful or wanton conduct have often been treated under the head of negligent actions, actions based upon wilful or wanton misconduct is a part from the action for negligent conduct. The difference is one of kind not merely of degree. Negligence does not have for its base either wilfulness or wantonness while misconduct which is purely negligence is never either wilful or wanton."

"Wanton misconduct and ordinary negligence as a matter of law are as far apart as the poles of the axis and they are just as repugnant and inconsistent as is possible for two causes of action to be. The declaration of wanton misconduct is positive and as a matter of law cuts off the defense of contributory negligence in behalf of the party sued, and subjects him to an award for punitive in addition to compensatory damages, whereas a declaration of ordinary negligence is negative in nature."

"Wantonness is a synonym for what is popularly known as 'cussedness' and cussedness is a disposition of perversity."

In the case of **Commonwealth Casualty Company v Headers, 118 Oh St 429,** the court says:

"The legal question presented is determination of the whole case. The policy covers accidental injuries, and the term 'accidental' in this policy must be interpreted in the same manner as that term would be interpreted in any ordinary accident policy, that is to say an injury or death does not occur by accident when it results from wilful, intentional, personal violence inflicted by another. The situation is not strengthened any in behalf of the negligence in an accident, that is out of the ordinary and unexpected. There is no doubt that this assault and battery was wholly unexpected and was quite out of the ordinary but that does not constitute it an accident. This was a case of assault and battery wilfully and intentionally inflicted. Surely no one would claim that a party holding an ordinary accident insurance policy covering all forms of external accidental injuries could recover under such a policy, damages sustained by reason of a wilful and intentional injury inflicted by another. That kind of an injury would afford no better ground for recovery than would an injury self-inflicted."

In the case of **Sontag v Galen et, 118 NE,** 182, the third paragraph of the syllabus is as follows:

"Policy protecting landlord from liability for injuries accidentally sustained by another held not to cover injury caused by landlord's deliberate and wilful act."

Words and Phrases, Fourth Series, p. 834, wantonness is defined:

"To be more than ordinary inadvertence

in its essence it is like a wilful intentional wrong."

Also see 72 A.L.R. 1352.

If wilfulness and wantonness are similar in effect, then we conclude that the reasoning in the case of American Casualty Company v Brinsky et al, supra, is equally applicable to the case at bar. Where wanton misconduct is present the defendant is deprived of the defense of contributory negligence and also subject to the infliction of punitive damages. This is also true in a case of wilful misconduct. This cannot be true in an ordinary negligence case wherein wilfulness or wantonness is not present. It can hardly be contended that one who wilfully or wantonly injures another can claim protection in his policy for injuries accidentally sustained which are the result of wilful or wanton misconduct. Such are not accidentally sustained. We are of unanimous opinion that such was not the intention of the parties entering into this contract of insurance in the absence of a provision therein covering wilful or wanton misconduct, that as a matter of law the contract of insurance does not cover a case wherein the injuries are brought about through the wanton misconduct of the assured.

Judgment reversed and this court coming to render the judgment that should have been rendered on the various motions renders final judgment for the appellant, The Metropolitan Casualty Insurance Company.

Judgment reversed.

ROBERTS and NICHOLS, JJ, concur.